UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00312-GCM
(3:94-cr-00111-GCM-32)

| | |
|---|---|
| ANTONIO MOSLEY, *also known as*, ABDULLAH HAMID, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ORDER |

**THIS MATTER** is before the Court upon Petitioner Antonio Mosely's pro se "Motion Pursuant to Fed. R. Civ. P. 60(b)(6); Alternative Permission to File a New § 2255; Alternative Permission for Writ of Coram Nobis." (Doc. No. 1.)

**I.    BACKGROUND**

On July 21, 1995, Petitioner pled guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to sell crack cocaine, in violation of 21 U.S.C. § 846. Plea Agree., Doc. No. 452; Entry of Plea, Doc. No. 470.[1] The Court sentenced him to 131 months imprisonment followed by three years of supervised release. J., Doc. No. 644. Judgment was entered on February 1, 1996, and Petitioner did not file a direct appeal.

Petitioner was released from Bureau of Prisons custody on or about July 6, 2005. Req. to Mod. Terms of SVR, Doc. No. 982. On July 7, 2008, with the consent of Petitioner, the Court granted the probation officer's request to modify the terms of Petitioner's supervised release,

---

[1] Unless otherwise indicated, documents citations that are not in parenthesis are from Petitioner's underlying criminal case: United States v. Mosley, 3:94-cr-00111-GCM-32 (W.D.N.C.).

1

extending it by six months and imposing a community service requirement. Id. Petitioner's period of supervised release concluded in or around January 2009.

Petitioner filed the instant Motion on June 4, 2017. (Doc. No. 1.) In it, he attempts to launch a collateral attack on the Court's July 2008 modification of the terms of his supervised release.

**II.     STANDARD OF REVIEW**

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts provides that courts are to examine habeas motions and dismiss them when it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief.

**III.     DISCUSSION**

Petitioner challenges the modification to the terms of his supervised release, alleging that neither the Court, his probation officer nor his attorney advised him of his right to appeal the modification of his supervised release or his right to collaterally attack the modification of his supervised release and his original 1996 judgment with it. The Court notes that Petitioner waived his right to a hearing and to the assistance of counsel with respect to the modification, Doc. No. 982 at 3, so it is not clear what he means when he claims his attorney failed to advise him of his post-modification legal rights. Petitioner seeks to collaterally attack and "reopen his right to appeal the modification" by way of a Motion pursuant to Rule 60(b)(6) of the Federal

2

Rules of Civil Procedure, a 28 U.S.C. § 2255 Motion to Vacate Set Aside or Correct Sentence, or a Petition for Writ of Error Coram Nobis.

### A. Rule 60(b)(6)

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment for specific reasons, including mistake, newly discovered evidence, fraud or misconduct by an opposing party, a void judgment or a judgment that has been satisfied, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). To obtain relief from a judgment under Rule 60(b), a moving party must first show: (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). A party must make a Rule 60(b)(6) motion "within a reasonable time," Fed. R. Civ. P. 60(c)(1), and "the movant bears the burden of showing timeliness." Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016).

Setting whether modification to the conditions of supervised release constitutes a final judgment, Petitioner provides no explanation for why it took him almost nine years to file a Rule 60(b) Motion challenging the modification. Moreover, he cites no case where a nine-year delay was deemed timely under Rule 60(c). Therefore, his Rule 60(b)(6) Motion shall be denied as untimely.

### B. 28 USC § 2255

Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress" may move to vacate, set aside, or correct his sentence. § 2255(a). This language requires that a § 2255 petitioner be "in custody" under the conviction or sentence under

3

attack at the time his motion is filed. See Maleng v. Cook, 490 U.S. 488, 490–91 (1989) (discussing "in custody" requirement for district court jurisdiction over petition for habeas relief from state conviction under 28 U.S.C. § 2254). Once a petitioner's sentence has fully expired, he is not "in custody," notwithstanding the collateral consequences to which he may still be subject: "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack on it." Id. at 492; see also United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004) (recognizing that the Supreme Court's analysis in Maleng "applies equally when a movant is no longer in federal custody for the purpose of § 2255 relief where the sentence imposed for that conviction has expired").

Petitioner was released from imprisonment on or about July 6, 2005, and his period of supervised release expired in or about January 2009. As such, he was not "in custody" under his 1996 judgment when he filed the instant Motion on June 4, 2017. Consequently, this Court lacks jurisdiction to adjudicate Petitioner's Motion under § 2255, and it shall be dismissed.

### C. Petition for Writ of Error Coram Nobis

A writ of coram nobis is an exceptional remedy that may be granted only when a fundamental error has occurred and no other available remedy exists. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). For a district court to reach an ultimate decision on coram nobis relief, a petitioner is obliged to satisfy four essential prerequisites. First, a more usual remedy (such as habeas corpus) must be unavailable; second, there must be a valid basis for the petitioner having not earlier attacked his convictions; third, the consequences flowing to the petitioner from his convictions must be sufficiently adverse to satisfy Article III's case or

controversy requirement; and, finally, the error that is shown must be "of the most fundamental character." United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012).

Petitioner's Motion is not a model of clarity. Thus, his reasons for seeking a petition for writ of error coram nobis eight and a half years after his supervised release expired are not obvious. From what the Court can glean, Petitioner appears to believe that if the Court grants him coram nobis relief on the supervised release modification, he will be able to appeal or collaterally attack his original criminal conviction. Petitioner appears to believe further that if he can successfully attack his 1995 conviction, he then will be able to challenge the sentence he currently is serving for a subsequent conviction, which, he contends, was enhanced because of the 1995 conviction.

There are several problems with Petitioner's arguments, but the Court will confine itself to one: Petitioner has not shown that the consequences flowing from modification of his supervised release satisfy Article III's case or controversy requirement. See Akinsade, 686 F.3d at 252. The consequence of the modification was that Petitioner remained on supervised release for an additional six months. That six-month period ended in or around January 2009. Contrary to Petitioner's assertion, the ability to challenge his underlying 1995 conviction was not a consequence of his supervised release modification.

Petitioner's reliance on In re: Gray, 850 F.3d 139 (4th Cir. 2017), for support is misplaced. In that case, the Fourth Circuit addressed whether a second-in-time habeas petition brought by a petitioner who had been resentenced was successive within the meaning of 28 U.S.C. § 2244(b)(3). The court held that "when a prisoner's successful habeas petition results in a new, intervening judgment, the prisoner's first habeas petition to challenge that new judgment is not second or successive within the meaning of § 2244(b), regardless of whether the petition

5

challenges the prisoner's sentence or underlying conviction." In re Gray, 850 F.3d at 144. Additionally, the judgment at issue in In re: Gray, was a final judgment of conviction. Id. at 141. Here, Petitioner's conditions of supervised release were modified; he was not resentenced, and no new judgment was entered.

Because Petitioner has not met the third prerequisite for coram nobis relief, the Court need not address whether he has met any of the others. The petition for writ of error coram nobis shall be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's "Motion Pursuant to Fed. R. Civ. P. 60(b)(6); Alternative Permission to File a New § 2255; Alternative Permission for Writ of Coram Nobis" (Doc. No. 1) is **DENIED** and **DISMISSED**, as follows:

    a. Motion pursuant to Fed. R. Civ. P. 60(b)(6) is **denied with prejudice** as untimely;

    b. Alternative Permission to File a New § 2255 is **dismissed** for lack of subject matter jurisdiction; and

    c. Alternative Permission for Writ of Coram Nobis is **denied with prejudice**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**SO ORDERED.**

Signed: August 8, 2018

Graham C. Mullen
United States District Judge